UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 12-126S |
| | : | |
| HYMEN SUAREZ | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for proposed findings of fact concerning whether Defendant is in violation of the terms of his probation and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3565 and Fed. R. Crim. P. 32.1, a revocation hearing was held on May 20, 2016, at which time Defendant, through counsel and personally, admitted that he was in violation of his conditions of probation as to the charged violations. At that hearing, I ordered Defendant released pending my Report and Recommendation and final sentencing before Chief Judge William E. Smith.

**Background**

On March 25, 2016, the Probation Office petitioned the Court for the issuance of a summons. On March 29, 2016, the District Court reviewed the request and ordered the issuance of a summons. Defendant appeared in Court for a revocation hearing on May 20, 2016 at which time he admitted to the following charges:

> **While on supervision, Defendant shall not commit another federal, state or local crime.**

Defendant committed the offenses of Possession of Schedule I, II, III, IV, V, heroin and Larceny Under $1,500.00,[1] as evidenced by his arrest by the Woonsocket Police Department on March 2, 2016.

**Defendant shall not illegally possess a controlled substance.**

Defendant possessed heroin, as evidenced by his arrest by the Woonsocket Police Department on March 2, 2016.

**Defendant refrain from any unlawful use of a controlled substance.**

Defendant used cocaine on or about October 7, 2015, as evidenced by his positive drug test on that date. Defendant used marijuana on or about March 12, 2015, as evidenced by his positive drug test on that date.

**Defendant shall refrain from excessive use of alcohol.**

Defendant used alcohol in excess on or about September 9, 2014; November 25, 2014; February 13, 2015; February 17, 2015; March 2, 2015; March 12, 2015; March 16, 2015; March 30, 2015; April 16, 2015; May 13, 2015; May 27, 2015; June 3, 2015; July 22, 2015; September 20, 2015 and October 21, 2015, as evidenced by his positive drug tests for ethanol on those same dates.

**Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office.**

Defendant failed to engage in intensive outpatient treatment at two facilities, Bridgemark, Inc. and Community Care Alliance, as evidenced by his discharge by each program for poor attendance on February 17, 2015 and March 4, 2016, respectively.

**Defendant shall perform 100 hours per year of community service as directed and approved by the Probation Office, if he maintains full-time employment (thirty hours or more per week) and remains enrolled in education (certifications, associate's degree). If Defendant does not maintain full-time employment**

---

[1] Plaintiff was charged with Larceny in connection with a dispute with his former employer as to the ownership of three kitchen knives. Plaintiff did not admit the Larceny aspect of this Violation and it was effectively withdrawn by the Government.

> **and remain enrolled in an educational program to further his education, then he shall perform 800 hours per year of community service.**
>
> Defendant failed to complete 800 hours of community service for each year of supervision. He also did not meet the 100 hours, which would have been required if he maintained full-time employment and attended school, which he did not.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his probation.

### Recommended Disposition

Pursuant to 18 U.S.C. § 3565(a)(1) and (2), if the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in § 3553(a) to the extent that they are applicable (1) continue probation with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant under Subchapter A.

The Court may sentence the defendant up to the statutory maximum for the original offense. However, the Court must consider the policy statements detailed in Chapter 7 of the sentencing guidelines.

**Revocation:** In this case, the statutory maximum term of imprisonment for the original offense is twenty years per count.

**Extension:** The maximum authorized term of probation that could have been imposed for the original offense is five years. Since the maximum probation term was already imposed, it cannot be extended.

Section 7B1.1 provides for three grades of violations (A, B and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of probation. Defendant has committed a Grade A violation. Therefore, the Court shall revoke probation.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of probation. Defendant has committed a Grade A violation. Therefore, the Court shall revoke probation.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. There is an outstanding special assessment in the amount of $460.00.

Pursuant to § 7B1.4(a), the Criminal History Category is the category applicable at the time the Defendant was originally sentenced. Defendant had a Criminal History Category of II at the time of sentencing.

Should the Court revoke probation, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. Defendant committed a Grade A violation and has a Criminal History Category of II. Therefore, the applicable range of imprisonment for this violation is fifteen to twenty-one months. Since Defendant was sentenced to a term of probation, the penalties at the time of sentencing are available to the Court. Defendant was previously facing a guideline range of twenty-one to twenty-seven months.

Pursuant to Section 7B1.3(e), where the Court revokes probation and imposed a term of imprisonment, it shall increase the term of imprisonment determined above by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation violation warrant or proceeding.

Section 7B1.5(b) of the USSG provides that, upon revocation of probation, no credit shall be given toward any term of imprisonment ordered, for any portion of the term of probation served prior to revocation.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in

§ 5C1.1(e) for any portion of the minimum term. Should the Court find that the defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither of these provisions apply to this matter.

Section 7B1.3(g)(1) provides that where probation is revoked and the term of imprisonment is imposed, the provisions of §§ 5D1.1-1.3 shall apply to the imposition of a term of supervised release.

Section 3583(b) provides that the maximum statutory term of supervised release that can be imposed for a Class A or B felony is five years; Class C or D felony is three years; or Class E felony or a misdemeanor is one year.

Section 5D1.1(a) states that if a sentence of imprisonment of more than one year is imposed, the Court shall order a term of supervised release to follow imprisonment. Subsection (b) states that the Court may order a term of supervised release in any other case.

Section 5D1.2 states that if a term of supervised release is imposed, the length shall be between three and five years for a defendant convicted of a Class A or B felony; between two and three years for a defendant convicted of a Class C or D felony or one year for a defendant convicted of a Class E felony or Class A misdemeanor. Defendant was convicted of a Class C felony, therefore, the maximum statutory term of supervised release that may be imposed to follow

imprisonment is three years. If a term of supervised release is to be imposed, the guideline term shall be between two and three years.

**Offender's Characteristics**

Defendant was convicted of passing counterfeit currency in 2014. He was originally charged for this conduct in state court and was held in state pretrial custody from March 14, 2012 to September 24, 2012. He was released at his initial appearance in this case.

At sentencing, Defendant received a five-year term of probation. The guideline range at sentencing was twenty-one to twenty-seven months' imprisonment. It is apparent from the record that the Court saw some promise in Defendant and gave him a substantial break. It is also apparent that the Court took his prior six months of state incarceration into consideration and effectively gave Defendant a time-served sentence. However, in an effort to maximize Defendant's post-conviction supervision, the Court labeled the sentence as probationary so that the term would be five years rather than the maximum available supervised release term of three years.

This complicates Defendant's current situation. Since Defendant was technically sentenced to probation, the six months of state incarceration was "dead" time to which he is apparently entitled to "credit" against a future federal sentence. Thus, any federal sentence imposed in this case will be subject to a six-month reduction effectively giving Defendant double credit for that time since the premise for the Court's probationary sentence was the six months of prior state time served on a related charge.

Because of this potential for double credit, the Government argued for a twenty-one month sentence to be followed by fifteen months of further supervised release. The Government posited that with the six-month credit and good time credit, its proposed violation sentence would effectively

be fifteen months (the low end of the applicable violation guideline range). Defendant's counsel countered that Defendant suffers from chronic alcoholism and needs treatment, not jail. He argued for a period of home confinement as a sanction.

Although Defendant did not contest the heroin possession, he has no history of heroin use. Defendant possessed only a small amount of heroin, and it was likely intended for his significant other at the time, who was apparently a heroin addict. Defendant has his own substance abuse issues and is a chronic alcoholic. His underlying counterfeiting conviction, these probation violations and his lack of stable residence or employment all likely arise out of Defendant's substance abuse.

Defendant is thirty years old. He is intelligent and has shown an ability to secure employment. However, he has been unable to sustain employment or better his situation. He was a failed participant in the HOPE Court program and has failed to productively participate in Court-ordered substance abuse treatment. He continues to abuse alcohol and has tested positive for both cocaine and marijuana. He has been arrested for possession of heroin and has not fulfilled his community service obligations. Needless to say, Defendant has not made the progress that this Court envisioned when it spared him a significant jail sentence in a serious counterfeiting case.[2]

Under these circumstances, I cannot accept Defendant's non-jail recommendation. Defendant received a significant break from this Court and repaid it by completely failing to productively use his period of probation. He wasted numerous resources invested in him and completely failed to address his substance abuse issues or improve his life situation. He breached this Court's trust and faith in him by illegally possessing heroin, using illegal drugs, abusing alcohol, failing to engage in treatment, and ignoring his community service obligations. He has failed to pay

---

[2] At the time of his arrest, Defendant possessed over $5,000.00 in counterfeit currency and the equipment and supplies necessary to manufacture such currency.

his debt to society, and a period of incarceration is warranted. Thus, I recommend a sentence of eighteen months' imprisonment to be followed by eighteen months of supervised release. With Defendant's six-month sentence credit and the opportunity to earn good time credits, this should equate to a sentence served of approximately nine months.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be sentenced to eighteen months' incarceration to be followed by eighteen months of supervised release with the following special conditions:

1. Defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office.

2. Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office.

3. Defendant shall participate in a program of substance abuse testing (up to seventy-two tests per year) as directed and approved by the Probation Office.

4. Defendant shall perform 300 hours of community service as directed and approved by the Probation Office.

5. Defendant shall participate in a manualized behavioral program as directed by the Probation Office. Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office.

6. Defendant shall pay for the cost of treatment and testing to the extent he is able as determined by the Probation Office.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. LR Cr 57.2; Fed. R. Crim. P. 59. Failure to

file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 6, 2016